**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KEROLOS GHABOUR, on behalf of himself and others similarly situated,

*Plaintiff*,

-against-

WELLNESS PHARMACY INC., JOSEPH PHARMACY INC., ESSAM A BEKHIT, and JOHN DOE DEFENDANT NO. 1,

*Defendants*.

**CLASS ACTION COMPLAINT**

Plaintiff Kerolos Ghabour ("Plaintiff"), by his attorneys, on behalf of himself and all others similarly situated, as and for a Class Action Complaint against defendants WELLNESS PHARMACY INC., JOSEPH PHARMACY INC., ESSAM A BEKHIT, and JOHN DOE DEFENDANT NO. 1, ("Defendants") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The claims include: Failure to pay minimum wage; Failure to pay overtime wages; Failure to provide spread-of-hours pay; Failure to turn over gratuities paid by credit card; Failure to provide wage notices and statements; Failure to reimburse job-related expenses; and Retaliatory termination.

## PARTIES

2. Plaintiff Kerolos Ghabour is an adult individual residing in Jersey City, New Jersey. He was employed by Defendants in New York City from approximately September 24, 2024 to May 16, 2025.

3. Wellness Pharmacy Inc. is a business entity operating at 144 West 72nd Street, New York, NY, where Plaintiff performed regular work duties.

4. Joseph Pharmacy Inc. is a business entity operating at 216 West 72nd street, New York, NY, and also employed Plaintiff.

5. The two pharmacies are part of a single integrated enterprise.

6. They market themselves as different locations of the same enterprise.

7. They share employees completely interchangeably, where employees seamlessly transition between making deliveries for one pharmacy to making deliveries on behalf of another.

8. They share inventory so that if one location needs an item present at another, the items are transferred as if they were part of the same business, which they are.

9. They share marketing, customers, and trade on one another's credit and business reputation.

10. Essam A Bekhit is an owner and/or manager of both pharmacies, directly responsible for scheduling, wage payment, and termination decisions.

11. Essam A Bekhit is known to Plaintiff as part owner of Wellness Pharmacy Inc., a full time manager at Wellness Pharmacy, Inc., and a full time manager at Joseph Pharmacy.

12. John Doe Defendant No. 1 refers to an individual presently known to Plaintiff as Sharif (Last Name Unknown) is believed to be an owner of both pharmacies and was involved in management decisions affecting Plaintiff's employment.

13. Each Defendant acted as Plaintiff's employer under the definitions in NYLL and FLSA and exercised substantial control over the terms and conditions of Plaintiff's employment.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

15. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## STATEMENT OF FACTS

**Employment History**

16. Plaintiff worked for Defendants from on or about September 24, 2024 through on or about May 16, 2025, without any formal employment agreement.

17. Plaintiff was initially hired as a delivery driver, but his duties quickly expanded to include: Cashiering; Stocking shelves; Pharmacy technician tasks; Cleaning;

18. During the course of his employment, he performed these tasks at both Wellness Pharmacy and Joseph Pharmacy.

19. Plaintiff regularly worked between 45 and 57 hours per week, often six days a week.

20. Plaintiff worked shifts over 10 hours per day. Specifically, he was often scheduled to work 8 am to 8 pm, and often worked more than 1 spread shift per week, but never received spread pay.

21. Plaintiff was paid $15/hour in cash for all hours worked, without overtime premium for overtime hours, and without wage notices or pay stubs.

22. Plaintiff made deliveries for which customers left gratuities for him paid via credit card. Defendants failed to turn these gratuities over to Plaintiff.

23. The minimum wage in New York City was $16/hour in 2024 and $16.50/hour in 2025. Plaintiff was paid below the minimum wage for the entire employment period.

24. Plaintiff was never paid overtime despite working well over 40 hours per week, in violation of NYLL § 190 et seq. and FLSA § 207.

25. Plaintiff regularly worked shifts longer than 10 hours, including from 8:00 AM to 8:00 PM, without receiving spread-of-hours compensation as required by 12 NYCRR § 142-2.4.

26. Plaintiff received no wage statements, pay stubs, or wage notices as required by NYLL § 195(1) and (3).

27. Plaintiff was required to pay out of pocket for an MTA unlimited metro card to complete delivery assignments, receiving no reimbursement.

**Retaliation and Termination**

28. On or about May 8 or 9, 2025, Plaintiff was sent on a delivery but was clocked out while still working. He demanded pay for the half hour of unpaid work. After an argument, Defendant Bekhet agreed to pay him.

29. On May 12, 2025, Plaintiff's scheduled hours were reduced from 50 to 27, despite no performance or disciplinary issues.

30. On May 16, 2025, Plaintiff received a text message from Bekhet stating that he should not report to work on Sunday, May 18. Later that day, he was terminated without explanation.

31. Plaintiff's termination was in retaliation for asserting his right to be paid for all hours worked, a protected activity under both state and federal law.

32. Following the complaint, Plaintiff was subjected to: Sudden hour reduction; Assignment to difficult or lengthy deliveries; and Termination without notice, severance, or documentation.

33. Plaintiff estimates that 30 other employees worked across both pharmacies during the time period he worked there and over 50 during the three year period in advance of the filing of this complaint. Plaintiff understands from his observations and conversations with other workers, that Defendants had common policies and practices with respect to overtime, spread of hours, gratuities and expense reimbursement for their hourly employees.

## COLLECTIVE ACTION ALLEGATIONS

34. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings the federal wage-and-hour claims on behalf of himself and all similarly situated current and former hourly employees of Defendants who worked in New York State at any time during the three-year period preceding the filing of this Complaint ("FLSA Collective").

35. Upon information and belief, the FLSA Collective comprises at least fifty (50) individuals, rendering joinder impracticable.

36. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

37. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

38. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as much as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

39. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

A. Whether the Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

B. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

C. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

D. Whether the Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

E. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

F. Whether the Defendant failed to pay Plaintiff and the Collective Action Members for hours worked in excess of 40 hours per workweek.

G. Whether the Defendant failed to pay Plaintiff and the Collective Action Members minimum wage for all hours worked.

40. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

41. Plaintiff and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## CLASS ACTION ALLEGATIONS

42. Plaintiff also seeks to represent, pursuant to Rules 23(a), (b)(2) and (b)(3), a class of all current and former hourly employees of Defendants who worked in New York State at any time during the six-year period preceding the filing of this Complaint ("Rule 23 Class").

43. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Based on Plaintiff's observations while working for Defendants and available public information, there are a minimum of 100 members of the proposed class. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

44. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the

controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

45. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

46. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

47. Plaintiff will fairly and adequately protect the interests of the Proposed Class.

48. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

49. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

50. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

51. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

A. Whether the Defendant employed Plaintiff and the Class members within the meaning of the New York Labor Law;

B. Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

C. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

D. What hourly was the employee's hourly rate;

E. Whether the Defendant failed to pay Plaintiff and the Class members the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

F. Whether the Defendant failed to pay Plaintiff and the Class members the required minimum wage for all hours worked;

G. Whether Defendants unlawfully retained credit‑card gratuities in violation of N.Y. Lab. L. § 196‑d;

H. Whether Defendants made unlawful deductions or failed to reimburse necessary business expenses (id. § 193);

I. Whether Defendants failed to provide wage notices and wage statements compliant with N.Y. Lab. L. § 195(1), (3); and

## CLAIMS FOR RELIEF

### FIRST CLAIM

### (FLSA – Unpaid Minimum Wage & Overtime, 29 U.S.C. §§ 206, 207, 216)

52. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

53. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

54. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55. At all relevant times, Defendant employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

56. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

57. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. As a result of its policy of deducting meal breaks from its employees pay that they did not actually take, Defendant failed to pay Plaintiff and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

58. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the required minimum wage for all hours worked. As a result of its policy of deducting meal breaks from its employees' pay that it did not actually take, Defendant failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage in the lawful amount for all hours.

59. At all relevant times, Defendant had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and

the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week and refusing to pay at the minimum wage rate for all hours worked, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

60. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week and at the minimum wage for all hours worked, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective.

61. Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

62. Defendant failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

63. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

64. Due to the reckless, willful and unlawful acts of Defendant, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime and minimum wage compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

65. Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM**

**(NYLL – Minimum Wage, Overtime & Spread‑of‑Hours, N.Y. Lab. L. §§ 652, 650 et seq.; 12 NYCRR §§ 142‑2.2, 142‑2.4)**

66. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

67. Defendant employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

68. Defendants failed to pay Plaintiff and the Rule 23 Class (i) the New York City minimum wage, (ii) overtime premiums for hours over forty (40), and (iii) one additional hour's pay at the minimum rate for each workday exceeding ten (10) hours.

69. Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek and failing to pay Plaintiff and the Rule 23 Proposed Class members at the minimum wage rate for all hours worked as a result of its policy of improperly deducting meal breaks.

70. Plaintiff and the Proposed Rule 23 Class were and are entitled to receive spread of hours pay of one additional hours' pay at the applicable minimum rate for each hour worked in a given day or workshift in excess of ten hours. Defendants failed to pay Plaintiff and the Proposed Rule 23 Class members the required spread of hours pay as a result of its improper deduction of meal breaks.

71. Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

72. Defendants failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

73. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

74. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

75. At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

76. Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

77. Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act..

**THIRD CLAIM**

**(NYLL – Unlawful Deductions & Expense Reimbursement, N.Y. Lab. L. §§ 193, 198-b)**

78. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

79. By requiring employees to purchase MetroCards and other supplies necessary for the job without reimbursement, Defendants made unlawful deductions from wages.

80. Plaintiff and the Rule 23 Class seek reimbursement of all such expenses, statutory damages, interest, and attorneys' fees.

**FOURTH CLAIM**

**(NYLL – Retention of Gratuities, N.Y. Lab. L. § 196-d)**

81. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.Defendants retained customer tips paid by credit card, in whole or in part, in violation of § 196-d.

82. Plaintiff and the Rule 23 Class seek the value of all misappropriated gratuities, liquidated damages, interest, and attorneys' fees.

**FIFTH CLAIM**

**(Wage Notice & Statement Violations- NYLL §§ 195(1), (3))**

83. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

84. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language

identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

85. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

86. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

87. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

88. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

89. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

**SIXTH CLAIM**

**(Unlawful Retaliation – NYLL § 215)**

90. Plaintiff engaged in protected activity by demanding pay for all hours worked.

91. Defendants retaliated by reducing hours, assigning adverse duties, and firing Plaintiff.

92. Plaintiff seeks compensatory damages including back pay (plus liquidated damages and prejudgment interest thereon), emotional distress, reinstatement (or front pay), punitive damages, and prevailing party attorney fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

A. Certify this matter as a collective action under 29 U.S.C. § 216(b), issue court-supervised notice, and toll the statute of limitations;

B. Certify the state-law claims as a class action under Rules 23(a), (b)(2), and (b)(3);

C. Designate Plaintiff as Representative of both the Collective and the Class and appoint the undersigned as Class Counsel;

D. Declare that Defendants violated the FLSA and NYLL as alleged;

E. Award unpaid minimum wages, overtime premiums, spread-of-hours pay, unreimbursed expenses, and unlawfully retained gratuities;

F. Award liquidated damages under both statutes;

G. Award statutory damages for wage-notice and wage-statement violations;

H. Award compensatory, liquidated, and punitive damages for retaliation;

I. Award prejudgment and post-judgment interest;

J. Award reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and N.Y. Lab. L. §§ 198, 663;

K. Enter injunctive relief compelling Defendants to comply with all applicable wage-and-hour laws; and

L. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury of all issues in this action.

Dated: New York, New York
July 9, 2025

**LAW OFFICE OF MOHAMMED GANGAT**

By: ______________________

Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810

New York, New York
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff*